James KINCADE, Appellant,

v.

The STATE of Texas, Appellee.

No. 53465.

Court of Criminal Appeals of Texas.

June 29, 1977.

Jackson & Levy, Denton, for appellant.

John E. Lawhon, Mervin B. Waage, Asst. County Attys., Denton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before a jury appellant was convicted of disorderly conduct. V.T.C.A. Penal Code, Sec. 42.01. Punishment was assessed by the court at a fine of two hundred dollars.

The record reflects that during the early morning hours of March 8, 1976, Officer Victor R. George of the Sanger Police Department, acting upon a police radio dispatch, stopped a pickup truck three miles south of Sanger in Denton County. George arrested the vehicle's driver Tommy Calvert for driving while intoxicated and "hit and run." George also arrested appellant, Calvert's sole passenger. George testified that appellant allowed himself to be "frisked," but refused to be handcuffed. George stat-

ed that when he attempted to handcuff appellant, "[he] either swung at me to hit me or to try and push me down the cliff." In an effort to subdue appellant, Officer George struck appellant in the head with a "slap stick." During the struggle both men lost their footing and "tumbled down the hill." At the bottom of the embankment a brief scuffle ensued after which appellant ceased resisting and allowed himself to be handcuffed and placed in the patrol car. Appellant and Calvert were subsequently placed in county jail.

Appellant contends the trial court committed reversible error by commenting on the weight of the evidence in violation of Article 38.05, V.A.C.C.P.

The context in which the complained of remarks were made is as follows:

Defense witness Tommy Calvert contradicted Officer George's testimony in that he testified Officer George initiated an unprovoked attack upon appellant. During cross-examination Calvert was asked:

"Q You never told anyone at anytime that Kincade was drunker than you were and that is the reason you were driving that pickup truck."

"A No, sir, not that I recall."

As a means of impeaching Calvert's general credibility, the State on rebuttal elicited the testimony from State's witness Blackburn, Calvert's probation officer, that Calvert had made the aforementioned statement. Blackburn testified on direct examination that Calvert had been placed on probation for driving while intoxicated offense committed on March 8, 1976, the date of the instant offense of which appellant was convicted. Blackburn stated that when he interviewed Calvert on March 11, 1976 concerning the offense, Calvert told him that he had been driving the car because "the friend who was in the car with me was too drunk to drive." During cross-examination of Blackburn appellant attempted to show that Calvert was not on probation for the March 8, 1976 offense of driving while intoxicated, but was on proba-

tion for a similar offense committed in October 1976, and, therefore, appellant was not the "friend" Calvert referred to in his statement. The trial judge interrupted appellant's cross-examination and the State's re-direct examination of Blackburn as shown in the following extract from the statement of facts:

"by Mr. Levy (counsel for appellant):

"Q Mr. Blackburn?

"A Yes, sir.

"Q In fact of the matter, the DWI that Mr. Calvert has pled guilty to did not occur on March the 8th, is that correct?

"COURT: I think the Court's records are the best evidence and the Court's records if you want—

"MR. LEVY:—Judge, I will paraphrase it for him, I just want to clarify this for the Jury, be easier if I don't have to testify.

"COURT: All right, because it is exceedingly misleading in the context in which it was originally presented.

"MR. LEVY: What?

"COURT: Just bringing one of these cases up here.

"MR. LEVY: Your Honor, that is the only one that we are talking about, is the March 8th offense.

"COURT: All right, if you proceed then.

"MR. LEVY: Note my exception to the Court's remarks and I move to have the Court instruct the Jury to disregard them.

"COURT: I decline because you are misrepresenting the state of the record to the Jury.

"MR. LEVY: No, Your Honor, it is the State of Texas that said he pled guilty on March the 8th—for the March 8th offense, and he did not, he pled guilty on March the 11th to an offense that occurred in October and that is what we are talking

about, it is a matter of official record. I have no objection to the introduction of those exhibits to the Jury.

"COURT: Well, the Court wants them properly explained.

"MR. LEVY: Well, I am going to do that.

"COURT: All right, but this witness does not possess the qualifications and is not the custodian to comment upon the records of this Court. He might comment about records within his cognizance down at the Probation Department.

"MR. LEVY: That is what I am trying to clarify, Judge, I am getting ready to straighten that out.

"COURT: Let's see that it is straightened out properly.

"MR. LEVY: Note my exception to the Court's remarks on that.

"COURT: Denied.

"MR. LEVY: Note my exception.

"by Mr. Levy:

"Q Now, Mr. Blackburn.

"A Yes, sir.

"Q In fact of the matter, a probationer reports about once a month, is that right?

"A That is correct.

"Q Usually.

"A Usually, yes.

"Q If he is ordered to report each month, he reports each month, is that right?

"A Yes, sir.

"Q So that the reason that Mr. Calvert was on probation was not out of the March 8th offense, was it, it was out of an October offense, is that correct? To the best of your recollection, if you don't remember, just say you don't remember.

"A Okay, I don't remember.

"MR. LEVY: Okay, I'll pass the witness, then I will testify.

"REDIRECT EXAMINATION

"by Mr. Waage (prosecuting attorney):

"Q Mr. Blackburn, this morning I asked you if you are sure this was related to the March 8th offense and you were sure.

"A Yes.

"Q Why were you sure about that?

"A I was sure about that because I checked my record. I wouldn't—

"Q In other words—

"A —Would the Court grant permission for me to get the file please?

"MR. LEVY: I have no objection.

"by Mr. Waage:

"Q There could be a possibility that your record is wrong, is that what you are saying, or what?

"COURT: There is no possibility—I think these records—the Court will explain this matter to the Jury according to the records of the Court. The records of the Court show that—concerning this offense, that there were two cases pending in this Court on March the 11th against the Defendant, Tommy Dale Calvert, and on that date Mr. Calvert came before this Court and entered a plea of guilty to one of them, the old one, and the more recent one, which was involved in this case, the State dismissed that case, and that that is a usual practice where a person has two or three cases, just to pick one of them and put him on probation and dismiss the others; and that is what happened in this case and it is very misleading to the Jury to say to the Jury that this case was dismissed because it was not a good case. It was dismissed because it is customary to let him plead out on one of them and dismiss the others. And he plead out on the old case and got this one dismissed. Now, whether he was guilty or not guilty, no one really knows.

"MR. LEVY: Note my exception to all of the Court's remarks because I

think the Court has already stated that the best evidence rule is the Court's records.

"COURT: Well, I'll offer these and ask the Court Reporter to mark them.

"MR. LEVY: I object to the introduction of the evidence.

"COURT: Mr. Levy, I offer these because you are misleading the Jury and giving them the misimpression—

"MR. LEVY: Your Honor, I would—

"COURT: And be seated.

"MR. LEVY: Well, I am going to make the objection, I think I have a right to as counsel. If the Court wants to hold me in contempt, he can do so and I will bond out, but the fact of the matter is this was not related to the March 8th offense.

"COURT: Mr. Levy, you tried to deceive the Court and this Jury and sit down and be quiet.

"MR. LEVY: Note my exception.

"COURT: Your exception is noted.

"MR. LEVY: To the last remarks. Thank you, Your Honor.

"COURT: Mark every one of those documents."

Article 38.05, V.A.C.C.P., provides as follows:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."

■ To constitute reversible error in violation of Article 38.05, V.A.C.C.P., the comment must be such that it is reasonably calculated to benefit the State or prejudice the defendant's rights. *Barber v. State,*

Tex.Cr.App., 511 S.W.2d 937; *McClory v. State,* Tex.Cr.App., 510 S.W.2d 932; *Hernandez v. State,* Tex.Cr.App., 507 S.W.2d 209.

■ The above quoted portion of the record reflects that the trial judge, over appellant's objection and in the presence of the jury, methodically castigated appellant's counsel for "misleading" and "deceiving" the jury and court concerning the dismissal of Calvert's driving while intoxicated offense committed on March 8, 1976. The trial court's accusation, in the jury's presence, of deceit by appellant's counsel in presenting appellant's defense, was reasonably calculated to prejudice the jury against appellant, denying him his Sixth Amendment right to a fair trial by an impartial jury. See *McClory v. State,* supra.

Moreover, the trial court compounded its error by offering into evidence, sua sponte, the court records of Calvert's two separate driving while intoxicated offenses. The court not only testified unsworn concerning the procedural disposition of the cases, but expressed the following unsolicited opinion as to why the March 8, 1976 offense was dismissed: ". . . the State dismissed that case, and that is a usual practice where a person has two or three cases, just to pick one of them and put him on probation and dismiss the others; and that is what happened in this case and it is very misleading to the Jury to say to the Jury that this case was dismissed because it was not a good case . . . .."

We hold the aforementioned conduct of the trial court amounted to an improper comment on the evidence and was reasonably calculated, when considered from the jury's standpoint, to benefit the State, and therefore prejudice the rights of appellant. See *McClory,* supra. Cf. *Barber v. State,* supra; *Banks v. State,* Tex.Cr.App., 510 S.W.2d 592.

In view of our disposition of this appeal, it is not necessary that we pass on other contentions raised by appellant.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.