**Rex Bradley SHANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00198–CR.**

Court of Appeals of Texas,
El Paso.

Sept. 15, 1982.

Rehearing Denied Dec. 15, 1982.

Discretionary Review Granted
March 30, 1983.

Michael McLeaish, Odessa, Jim Vollers, Austin, for appellant.

Vern F. Martin, Dist. Atty., Midland, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a conviction for murder. The jury assessed punishment at ninety-nine years confinement. We affirm.

Viewed in a light most favorable to the verdict, the evidence indicated that Appellant and Patricia McPeters engaged in a conspiracy to murder McPeters' husband in order to obtain the proceeds of several life insurance policies. On July 28, 1980, they, accompanied by McPeters' young son, visited the home of Willie Wayne Jennings and his wife in Wichita Falls. They enlisted the aid of Wayne Jennings, with various promises of money for his assistance in the murder. Mrs. Jennings was present during part of the discussion but testified she was unaware of the intended murder. The four adults and the child drove to Odessa in Mrs. McPeters' car, Appellant driving. They stopped at the intended victim's home. Appellant, Patricia McPeters, and Wayne Jennings broke in through a window and secured three knives to use in the murder, one for each participant. Shortly before midnight, Mrs. McPeters telephoned her husband, feigning car trouble and asking him to meet her on an isolated road. At that location, the conspirators disabled the vehicle. Mrs. McPeters remained in the vehicle. Appellant and Wayne Jennings, armed with knives, waited behind nearby bushes. Mrs. Jennings was told by Appellant to remain some twenty yards to their rear. The victim arrived and, while engaged in conversation with his wife, was rushed by Appellant. Appellant struck the victim with his knife. Both fell to the ground struggling. Appellant called Jennings to his assistance, indicating that the victim had a knife and cut him. Jennings came to his aid, kicking and stabbing the victim. Appellant, Mrs. McPeters, the Jennings and young McPeters reentered the vehicle and drove away. Appellant suggested running over the dying McPeters but was dissuaded by the Jennings. Enroute to a hospital for treatment of his injuries, Appellant concocted a story of assault by several blacks. All the adults related this story to the police at the hospi-

tal. The Jennings returned to Wichita Falls; the knives were left in their custody. Mrs. Jennings later threw the knives away, but subsequently directed police to a small pond where two of them were recovered. At trial, Appellant denied the murder-for-hire testimony of Jennings and his wife. He contended that they accompanied Patricia McPeters to protect her at a meeting with her abusive husband. Appellant stated that the victim pushed Mrs. McPeters. He then came to her assistance, but Mr. McPeters drew a knife. He then stabbed McPeters in defense of himself and Mrs. McPeters. Appellant had given two confessions, which, though exculpatory in nature, conflicted significantly in their recitation of the events. Mr. Jennings was charged with the murder. Mrs. Jennings was never charged but was, nonetheless, granted immunity by the grand jury for her testimony.

■ In Ground of Error No. One, Appellant presents multifarious complaints concerning the court's mid-trial inquiry of the jury as to possible misconduct and the refusal to permit juror interrogation at a hearing on his motion for a new trial. This is in violation of Code of Criminal Procedure Article 40.09, sec. 9, and fails to preserve the issues for review. *Ely v. State*, 582 S.W.2d 416 (Tex.Cr.App.1979). Nonetheless, an examination of the record discloses no error in either action by the trial court.

■ On Tuesday, the second day of trial, the prosecutor, in defense counsel's presence, advised the court of possible misconduct by one of the jurors. The background information was provided through the prosecutor's testimony at the hearing on the motion for new trial. A county jail inmate, Wallace Sims, advised the prosecuting authority that Juror Ada Johnson was married to another indicted jail inmate and was the aunt of two incarcerated brothers, the Paytons. He indicated that the Paytons had placed Appellant in telephone contact with the juror and a bribe had been offered. Sims stated that the call was overheard by two other named inmates. The prosecutor attempted to confirm this story by checking

the identity of the inmates involved. Jail attendants confirmed the Paytons' call but not the contents of any conversation. On Tuesday, the prosecutor advised the court and trial counsel that investigation would continue but that he did not wish to confront the juror or jury at that time. On Thursday, Sims detailed the story in a letter to the prosecutor, which is included in the record. The prosecutor and his investigator spoke to one of the Payton brothers. The latter confirmed his relationship to an Aunt Ada Johnson, but would say no more. At this point, the prosecutor requested that the court query the jury as to any improper contact or attempted influence. Both sides were afforded an opportunity to frame questions for the jurors. The Appellant objected to the inquiry and declined to suggest questions. The court questioned the jurors individually as to any contact or attempted contact with them by anyone who appeared to have an interest in either side of the case. The questioning did not suggest the State or Defense as a source of the suspected contact. In addition, the jurors were instructed not to consider or discuss the court's inquiry. It was later determined, on the following Monday, that Juror Ada Johnson was not the Ada Johnson related to the Payton brothers. The following Wednesday the entire matter was reviewed by the grand jury. No improprieties were found.

The trial court's action was proper under the circumstances. The Tuesday decision not to immediately confront the jury demonstrated judicial and prosecutorial restraint. The additional information, on Thursday, justified the judicial inquiry. The inquiry was made individually, in a neutral manner, and was accompanied by appropriate cautionary instructions. No violation of Articles 36.22 or 36.27 is shown. As indicated by Articles 1.05 and 31.01 through 31.03, the trial court has a duty to insure a fair and impartial jury for both the State and the Defense. Here the court, acting upon reasonable belief, took appropriate steps to assess or forestall any possible tampering with the jury. No error is shown.

The second complaint contained within this ground of error contends that the trial court improperly refused to permit the Appellant to call the former jurors to testify at his motion for new trial. Trial counsel indicated that the jury did in fact discuss the earlier inquiry by the court and speculated that it was related to a mid-trial burglary of the foreman's home. Appellant's counsel offered an affidavit of his own, specifying one juror as the source of his information. The affidavit, which was introduced, does not describe the burglary discussion or indicate that the jury's speculation influenced the verdict. The affidavit expressed counsel's belief that the named juror would not provide her own affidavit. At the hearing, counsel admitted that he never requested an affidavit of this or any other juror. Consequently, Appellant did not satisfy the requirements of Article 40.03 of the Code of Criminal Procedure or the rule expressed in *Stephenson v. State,* 494 S.W.2d 900 (Tex.Cr.App.1973). The court was correct in refusing to hear the testimony of the jurors. Counsel spoke to three or four jurors who responded to his questions. None were asked to provide affidavits. Four other jurors would not discuss the deliberations with him at all. The remainder were not contacted. Counsel advised the court, without oath or affidavit, that the jurors who did respond indicated that the speculation did not influence their verdict. Appellant did not make a sufficient showing of jury misconduct to justify formal inquiry. Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant contends that the trial court erred in failing to charge the jury that Mrs. Jennings was an accomplice witness as a matter of law. He does not challenge the general sufficiency of the evidence or the sufficiency of corroborative evidence under the accomplice witness rule of Article 38.14.

The only evidence of Mrs. Jennings' involvement was her presence during portions of the discussion at her home between Appellant and her husband. At one point,

Appellant asked her if they could use seven thousand dollars, and she replied that anybody could. She and Wayne Jennings testified that she did not know the service to be rendered for that fee. She accompanied her husband and the others to Odessa. Only after the knives were obtained did she begin to anticipate violence toward McPeters. She did not enter McPeters' home. Only three knives were taken. She did not join in the assault. Later, at the hospital, she did relate the story concocted by the Appellant of an assault by several unknown blacks. Days later, she did dispose of the weapons in Wichita Falls. Both she and her husband testified that she was only present because of him, she did not agree to or consent to the murder, no money was accepted by her, and her concealment of the facts and evidence was done to protect her husband.

■ The trial court correctly charged the jury that Wayne Jennings was an accomplice as a matter of law. The court also correctly submitted the question of Mrs. Jennings' accomplice status to the jury for a factual determination. Where there is doubt as to the accomplice status of a witness, it is sufficient to submit the issue to the jury for a factual determination even though the evidence preponderates in favor of a conclusion that he or she was an accomplice as a matter of law. *Colunga v. State,* 527 S.W.2d 285, 286–287 (Tex.Cr.App. 1975). Here the evidence preponderated in the other direction. Presence, knowledge, and concealment or failure to disclose evidence does not render one an accomplice. One must be a consenting party to the offense. The evidence in this case suggested that Mrs. Jennings was not an accomplice at all. It was, nonetheless, sufficient to justify the factual issue submission to the jury. Ground of Error No. Two is overruled.

The judgment is affirmed.