Thomas Andrew SHANNON,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 253–85.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 23, 1985.

Joe Weis, Greenville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for the offense of robbery. After finding appellant guilty, the jury assessed punishment at eighteen (18) years.

The Court of Appeals reversed appellant's conviction after concluding that the trial court's charge to the jury contained fundamental error. *Shannon v. State*, 683 S.W.2d 819 (Tex.App.—Texarkana, 1984). In reversing appellant's conviction, the Court of Appeals followed this Court's decision in *Antunez v. State*, 647 S.W.2d 649 (Tex.Cr.App.1983). In *Antunez*, supra, the defendant was indicted and tried for the offense of aggravated robbery. The jury eventually convicted him of the lesser offense of robbery. The conviction in *Antunez*, supra, was reversed after this Court concluded that the court's charge to the

jury was fundamentally defective for failing to apply certain abstract principles governing the law of robbery to the specific facts of the case.

In deciding this case, the Court of Appeals did not have the benefit of this Court's recent opinion in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984). There, it was held that when there is no proper objection to the court's charge, an accused will obtain a reversal only if the error within the charge is so egregious and created such harm that he did not have a fair and impartial trial. The harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

Therefore, pursuant to the authority conferred on this Court by Articles 44.37 and 44.45(b), V.A.C.C.P., and Rule 304(a), Texas Rules of Post-Trial and Appellate Procedure, the State's petition for discretionary review is summarily granted. The cause is remanded to the Court of Appeals for the Sixth Supreme Judicial District for reconsideration of appellant's first ground of error in light of this Court's opinion in *Almanza v. State*, supra. This Court expresses no opinion with respect to the ultimate disposition of the ground of error.

The judgment of the Court of Appeals is vacated and the cause is remanded to that court for reconsideration of appellant's first ground of error.

TEAGUE, J., dissents.