**Rex Bradley SHANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 091–83.

Court of Criminal Appeals of Texas, En Banc.

May 28, 1986.

Michael McLeaish, Odessa, Tex., Jim Vollers, Austin, Tex., for appellant.

Vern Martin, Dist. Atty. and David L. Joers, Asst. Dist. Atty., Midland, Tex., Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

The record of appeal reflects that a jury convicted Rex Bradley Shanks, hereinafter referred to as the appellant, of murder and assessed his punishment at 99 years' confinement in the Department of Corrections.

On September 15, 1982, the El Paso Court of Appeals affirmed the appellant's conviction. On December 15, 1982, without written opinion or comment, that court also denied the appellant's motion for rehearing. See *Shanks v. State*, 643 S.W.2d 150 (Tex.App.—El Paso 1982).

The appellant, in his motion for rehearing, asserted for the first time on appeal that the trial court's jury charge was fundamentally defective because it failed to properly place the burden of proof on the State, rather than the appellant, to disprove the element of sudden passion beyond a reasonable doubt. As noted, the court of appeals denied the motion for rehearing without opinion or comment.

We granted the appellant's petition for discretionary review to consider the issue.

In *Jenkins v. State* (Tex.Cr.App., No. 64,004, February 16, 1983) (Pending on State's Motion for Rehearing), which was decided less than a month after *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Cr.App.1984), was decided, this Court held that an instruction on the offense of murder was fundamentally defective if, in applying the law to the facts of the case, it failed to properly place the burden of proof on the State to disprove the element of sudden passion.

*Cobarrubio*, supra, had held that such an instruction was subject to an objection. As noted, *Jenkins*, supra, held that such did not even require an objection. Both *Jenkins* and *Cobarrubio*, supra, were decided after the court of appeals overruled the appellant's motion for rehearing.

However, since *Jenkins* and *Cobarrubio*, supra, were decided, this Court decided *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr. App.1985) (Opinion on rehearing), in which the tests to be used when there was either objected to error or unobjected to error in the court's charge to the jury were set out. Also see *Castillo-Fuentes v. State*, 707 S.W.2d 559 (Tex.Cr.App., 1986); *Lawrence v. State*, 700 S.W.2d 208 (Tex.Cr.App.1985); *Moore v. State*, 694 S.W.2d 528 (Tex.Cr. App.1985).

Because the court of appeals did not have the benefit of any of the above decisions when it denied the appellant's motion for rehearing, we will remand this cause to that court for it to only consider the appellant's above contention concerning the alleged unobjected to error in the court's charge to the jury, which was presented in his motion for rehearing as grounds of error numbered IV and V.

It is so Ordered.

ONION, P.J., and MILLER, J., dissent.

TEAGUE, J., dissents to this Court's order of remand. He would have this Court consider and decide the appellant's contention at this time. Furthermore, because the issue invokes a principle of Federal Constitutional law, he would decide the issue on the basis of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and not on the basis of *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985).

CLINTON, Judge, concurring.

Noting that we granted appellant's petition for discretionary review to examine his contention that *Cobarrubio* error fatally infected the jury charge,[1] the opinion of the Court points out that not until his motion

1. *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Cr. App.1984).

for rehearing in the court of appeals did appellant complain of that omission in the charge on murder and that the court of appeals "denied his motion *without opinion or comment.*" [2] However, the opinion then proceeds to remand this cause without pausing to justify initial grant of review by this Court in the premises.[3]

Jurisdiction, power and authority to grant review in these circumstances ought be explained, although I agree that the cause should be remanded to the El Paso Court of Appeals to decide the merits, as we have almost uniformily done when confronted with a need for an *Almanza* analysis.[4] Compare *Lawrence v. State,* 700 S.W.2d 208 (Tex.Cr.App.1985), in which the Court retained review responsibility in order to make "ultimate resolution" of a perceived "obvious conflict between *Cobarrubio* and *Almanza,*" *id.,* at 211, n. 5.

Equally checkered is the procedural history of *Lopez v. State,* 708 S.W.2d 446 (Tex.Cr.App.1986), reversing *Lopez v. State,* 652 S.W.2d 512 (Tex.App.—Houston [1st] 1983). As well as grounds contesting reasons for decision rendered by the court of appeals, without first presenting his contentions to the court of appeals by motion for rehearing or otherwise, Lopez included in his petition for discretionary review two grounds for review of what he asserted constitutes, in a classic sense of the concept, fundamental error: one, that the trial judge had not manifested by his signature written approval of the trial court to waiver of rights and consent to stipulation of evidence by accused, as Article 1.15, V.A.C. C.P., mandates; two, the trial judge erred in conducting a bench trial without valid

waiver of trial by jury in the papers of the cause, as required by Article 1.13, V.A.C. C.P. Although the rules provide it, Tex.Cr. App. Rule 304(h), the State did not avail itself of an opportunity—an invitation, really—to reply. We granted his petition to review every ground presented by Lopez.

Originally submitted solely on brief from Lopez, the Court found fundamental error in "a complete absence of a jury waiver form," and held that "the issue of jury waiver may be raised for the first time on discretionary review." *Then* we heard loud outcry from the State in the persons of the State Prosecuting Attorney and the affected district attorney. But on assumed strength of its initial opinion in *Brazeale v. State,* 683 S.W.2d 446 (Tex.Cr.App.1984), the Court denied both motions—only to suffer the embarrassment of rehearing being granted in *Brazeale.* Finding that extraordinary turn of events is within the contemplation of Tex.Cr.App. Rule 4, we suspended Rule 309(f) and granted the State leave to file a second motion for rehearing in *Lopez.*

On rehearing, after rejecting the second ground for review asserting failure to comply with Article 1.13, supra, in accordance with opinion on rehearing in *Brazeale,* the Court turned for the first time to the issue under Article 1.15, supra. Finding that compliance with Article 1.15 is mandatory and error in failure to comply have been held fundamental eror, and factoring in the rationale of *Carter v. State,* 656 S.W.2d 468 (Tex.Cr.App.1983), the Court concluded:

**2.** All emphasis is mine throughout unless otherwise indicated.

**3.** With its newly granted constitutional jurisdiction, power and authority, almost five years ago this Court promulgated "the character of reasons that will be considered" in exercising its "sound judicial discretion" to determine whether to review a decision of a court of appeals, reserving the right, however, to grant and summarily to make such orders as may be appropriate. Tex.Cr.App. Rules 302(c) and 304(k). Not only have we failed to cause the Court to adhere to its own pronouncements in the rules, but we

have not yet demonstrated to bench and bar any cohesive policy governing discretionary review by this Court vis a vis courts of appeals. For example, rarely does an opinion of the Court mention any character of reason considered in determining to grant review. More impressed with the result reached below than how it was come at, too often we proceed on an ad hoc basis. Thus the stature of this Court in discharging its reviewing function is sorely diminished.

**4.** *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App. 1985).

"Applying our holding in *Carter* to the instant case, we find that although not raised prior to appellant's petition for discretionary review, because we have deemed such Article 1.15, supra, error to be fundamental, this Court has authority to review it now."

Holding that lack of signature of the trial judge showing approval of waiver and consent by the trial court constitutes fundamental error mandating reversal, the Court did not address remaining grounds for review implicating reasons for the decision of the court of appeals. The judgments were reversed. *Lopez v. State,* supra, at 449.

Similarly, in the instant cause that appellant did not raise *Cobarrubio* error in the court of appeals will not bar this Court from reviewing the issue. *Lawrence v. State,* supra, at 209, 217, n. 3 (Tex.Cr.App. 1985). However, it was more than three years ago that we granted review to consider whether the charge to the jury was fundamentally defective, and much decisional law bearing on the matter of charge error has been developed since then—principally, e.g., *Almanza* and *Lawrence,* both supra, and *Castillo-Fuentes,* 707 S.W.2d 559 (Tex.Cr.App.1986).

In *Almanza,* itself, and others on its heels, we remanded causes to courts of appeals to determine whether "egregious harm" infected the trial. E.g., *Shannon v. State,* 698 S.W.2d 153 (Tex.Cr.App.1985). The theory is that since a court of appeals has jurisdiction in the first instance to make that determination, restoring the cause to its posture on direct appeal preserves the singular role of a court of appeals and accords it an opportunity to consider the issue in light of *Almanza* generally, and where there is *Cobarrubio* error, *Lawrence* and *Castillo-Fuentes,* particularly. Benefits to the parties, to this Court and to the criminal justice system come when the court of appeals thereby finally

disposes of the cause. Moreover, should the losing party then gain review here, this Court would be in its proper position of reviewing a decision of a court of appeals. Article V, § 5; Articles 4.04 § 2, 44.01 and 44.45, V.A.C.C.P.[5]

Putting that theory to work the Court remanded *Porter v. State,* 709 S.W.2d 213 (Tex.Cr.App. No. 490–85, delivered May 7, 1986) "for assessment of harm" under *Almanza,* and today conformably remands this cause to defer to a court of appeals for a decision better made on direct appeal.

With that action I concur.

TOM G. DAVIS, W.C. DAVIS, McCORMICK and CAMPBELL, JJ., concur.

---

5. That this Court did not apply that theory to an obvious fundamental error in *Lopez* is not inconsistent with our remanding a cause when *Cobarrubio* error is claimed for the first time in a petition for discretionary review. The former does not call for a harm analysis but the latter most assuredly does, and deference to the unique role of courts of appeals on direct appeal dictates that an *Almanza* analysis be made there.