**Ricky Dean OWENS, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–88–298–CR.**

Court of Appeals of Texas,
Fort Worth.

March 21, 1990.

Discretionary Review Refused
May 30, 1990.

Jim Shaw, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall, Asst. Criminal Dist. Atty., Robert Bush, Mike Jergins, and Betty Marshall, Asst. Criminal Dist. Attys., Fort Worth, for appellee.

Before FARRIS, LATTIMORE and MEYERS, JJ.

## OPINION

MEYERS, Justice.

Appellant, Ricky Dean Owens, appeals from a conviction of murder, wherein he was sentenced by a jury to twenty years in the Texas Department of Corrections. Ap-

pellant, in five points of error, argues the court erred as follows: (1) refusing to charge on the lesser-included offense of voluntary manslaughter; (2) failing to charge the jury regarding the prosecution's burden of proving lack of sudden passion in a murder case; (3) commenting on its attitude toward appellant; (4) refusing to charge on accident and the application of the law to the facts; and (5) failing to direct a verdict of not guilty when the State failed to disprove exculpatory evidence contained in appellant's statements. We overrule appellant's points of error.

The judgment of the trial court is affirmed.

Appellant lived with his girlfriend, the deceased, and his girlfriend's daughter. At the time of decedent's death, appellant and the deceased had been arguing about appellant's heavy drinking that day. Appellant claims he intended to intimidate the decedent by taking a gun out of the closet and loading it in front of her. The decedent told appellant he was acting like a "mad man" and to put the gun down. This made appellant angry and he attempted to cock the gun to scare decedent. The hammer slipped and the gun fired and shot decedent in the forehead.

After the shooting, appellant went to a neighbor's home to call the police and told the neighbor that the deceased had shot herself. The neighbor allowed appellant to take a shower because he had blood on him.

The deceased died later as a result of the gunshot wound. An expert testified that the gun had been fired from a maximum distance of one and one-half inches. The deceased had bruises on her head, lips, and neck that were approximately one and one-half days old, defensive bruises and abrasions on her left hand, and bruises on her back, arms, and legs ranging from three to ten days old.

In his first and second points of error, appellant contends the trial court erred in refusing to charge the jury on the lesser-included offense of voluntary manslaughter and of the prosecution's burden of proving lack of sudden passion in a murder case.

In determining whether a charge on a lesser-included offense is required, a two-step analysis is required. First, the evidence at trial must show a lesser-included offense within the proof of the offense charged. *Cunningham v. State,* 726 S.W.2d 151, 153 (Tex.Crim.App.1987). TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981) defines a lesser-included offense both in terms of the offense charged and the facts of the case. Therefore, a determination of whether an offense is a lesser-included offense of the charged offense can only be made on a case-by-case basis. *Cunningham,* 726 S.W.2d at 153.

Second, there must be some evidence in the record that if the defendant is guilty, he is not guilty of the alleged offense but is guilty only of the lesser-included offense. *Day v. State,* 532 S.W.2d 302, 307 (Tex. Crim.App.1975).

When evidence from any source, including the defendant's own testimony, raises the issue of a lesser-included offense and there is testimony that, if guilty at all, the defendant is only guilty of the lesser-included offense, then the charge on the lesser-included offense must be submitted to the jury, if the charge is properly requested or its omission properly objected to. *Hunter v. State,* 647 S.W.2d 657, 658 (Tex. Crim.App.1983); TEX.CODE CRIM.PROC. ANN. art. 37.08 (Vernon 1981). The fact that the evidence is controverted or conflicts with other evidence in the case is not to be considered in determining whether an instruction on a lesser-included offense should have to be given. *Hobson v. State,* 644 S.W.2d 473, 477 (Tex.Crim.App.1983). It is the jury's duty, under the proper instruction, to determine whether the evidence is credible and supports the lesser-included offense. *Id.*

In a murder case, a charge on voluntary manslaughter should be given only when there is evidence the defendant acted intentionally but under the immediate influence of sudden passion arising from adequate cause. *Id.; Aquino v. State,* 710 S.W.2d 747, 751 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). Sudden passion

must be directly caused and arising out of provocation by the deceased at the time of the offense. *Marras v. State,* 741 S.W.2d 395, 405 (Tex.Crim.App.1987). Adequate cause is something that would ordinarily produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection. *Id.*

■ An instruction on the offense of murder is fundamentally defective if it fails to properly place the burden of proof on the State to disprove sudden passion when a defendant is charged with the offense of murder and is entitled to a jury instruction on voluntary manslaughter. *Shanks v. State,* 710 S.W.2d 585, 586 (Tex.Crim.App. 1986).

■ In the present case, appellant claims he is entitled to a charge on the lesser-included offense of voluntary manslaughter. Appellant contends that evidence introduced by the State by way of a written confession, showed appellant acted under the immediate influence of sudden passion when the deceased told appellant to put the "G___ d___" gun down because appellant was "acting like a mad man." Appellant argues this statement "made [him] mad" and he shot the deceased. As is demonstrated by the following excerpt from the confession, such statement is a gross mischaracterization:

> After I loaded up the gun, Anita and I bickered for a while. Anita was staying the same, and she wasn't coming on over to my way of thinking. And she told me to put that G___ d___ thing up. And she told me that I was acting like a mad man [sic]. That made me mad. And I got up and took a step toward her, and I held the gun in my right hand out in front of me while Anita was still sitting on the couch. I was standing up. I think I was from 2 to 3 feet from Anita when the gun went off.
>
> I know the gun wasn't up against her head. I didn't mean to shoot her. Intimidation was my only purpose in even messing with the gun. All I was going to do is cock the gun back to scare Anita. When I tried to cock the gun, the ham-

mer slipped out from under my thumb and the gun went off accidently [sic], and it shot Anita on the left side of her forehead.

Appellant's testimony at trial also denied any intent to kill and claimed that the shooting was an accident. By specifically denying any intent to kill, appellant negated the essential element of intent necessary to the offense of voluntary manslaughter. *See Aquino,* 710 S.W.2d at 751. Thus, a charge on the law of voluntary manslaughter was wholly unwarranted.

Additionally, even if intent had been proven, the evidence is insufficient to show appellant killed the deceased under a sudden passion arising from an adequate cause. Although appellant stated he was "mad," this does not ordinarily indicate a great degree of passion or a level of emotional response which would have caused a person of ordinary temperament to be incapable of cool reflection. *Lopez v. State,* 716 S.W.2d 127, 129 (Tex.App.—El Paso 1986, no pet.) (defendant must be in throes of actual, subjective passion). Since there was insufficient passion or adequate cause, appellant was not entitled to a charge on voluntary manslaughter. *Mead v. State,* 759 S.W.2d 437, 441 (Tex.App.—Fort Worth 1988, no pet.). Therefore, the trial court did not err in refusing appellant's requested charges on voluntary manslaughter and the State's burden to disprove sudden passion.

Appellant's first and second points of error are overruled.

Appellant argues in his third point of error that the trial court erred in declaring appellant's bond insufficient in the presence of the jury, thereby commenting on its attitude toward appellant.

■ Article 38.05 of the Texas Code of Criminal Procedure states:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict,

make any remark calculated to convey to the jury his opinion of the case.

TEX.CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979).

To constitute reversible error under article 38.05, the comment by the judge must be such that it is reasonably calculated to benefit the State or prejudice a defendant's rights. *Becknell v. State,* 720 S.W.2d 526, 531 (Tex.Crim.App.1986), *cert denied,* 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987); *Davis v. State,* 651 S.W.2d 787, 789 (Tex.Crim.App.1983).

 In the present case, the trial judge declared appellant's bail bond insufficient in the presence of the jury, after the jury returned a guilty verdict. Appellant argues this was a comment upon the trial court's attitude toward appellant and tended to introduce before the jury that the court had a particular bias or prejudice against appellant. Appellant complains the remark showed the court's opinion on the appropriate action that should be taken against appellant, i.e., appellant was not eligible for probation.

Appellant relies on *Kincade v. State,* 552 S.W.2d 832 (Tex.Crim.App.1977) in support of his position that the judge's remark was reasonably calculated to prejudice appellant. In *Kincade,* however, the trial court accused defense counsel, in the presence of the jury, of deceit in presenting the defense. *Id.* at 833. The Court of Criminal Appeals held this comment was reasonably calculated to benefit the State and prejudice the rights of the defendant. *Id.* at 835.

In the present case, the comment made by the judge was not directed at the jury, but was rather a procedural instruction directed at the sheriff's deputy. TEX. CODE CRIM.PROC.ANN. art. 17.09, § 3 (Vernon 1977). Further, we can only speculate as to how the comment was interpreted by the jury since appellant has not shown how the jury was affected by the comment. A curative instruction requesting the jury not to draw any inference from the declaration was also granted at appellant's request.

Since the trial court's comment was, at most, a comment on the procedure of the trial and a curative instruction was granted, the comment was not one reasonably calculated to benefit the State or prejudice the defendant. Therefore, appellant's third point of error is overruled.

 Appellant contends in his fourth point of error that the trial court erred in refusing to charge on accident.

There is no law regarding a defense of accident in the present penal code and the term "accident" in connection with offenses in the present penal code should be avoided. *Williams v. State,* 630 S.W.2d 640, 644 (Tex.Crim.App.1982) (en banc). Instead, accident is now covered by a charge that a jury may acquit if there is a reasonable doubt as to whether the defendant voluntarily engaged in the conduct of which he is accused. *Pimentel v. State,* 710 S.W.2d 764, 773 (Tex.App.—San Antonio 1986, pet. ref'd).

 Appellant is correct in his contention that the court should submit each and every phase of the case suggested by the evidence, whether strong or weak, credible or not. *Harris v. State,* 465 S.W.2d 175 (Tex.Crim.App.1971). However, if a defendant engages in a voluntary act and its required mental state, his conduct is not rendered involuntary simply because the conduct also included an involuntary act or because the defendant did not intend the result of his conduct. *Joiner v. State,* 727 S.W.2d 534, 536–37 (Tex.Crim.App.1987); *George v. State,* 681 S.W.2d 43, 45 (Tex. Crim.App.1984). Where the evidence shows only a lack of intent to cause resulting injuries or only an involuntary act that is only part of the overall voluntary conduct, the trial court is correct in refusing a requested charge on voluntary conduct. *Pimentel,* 710 S.W.2d at 773.

 Appellant claims the evidence presented by the State showed that appellant was only trying to intimidate the deceased with a gun and he accidentally shot the deceased when the hammer slipped from under his thumb when he tried to cock the gun.

Conversely, the State argues that a statement by a defendant that "the hammer slipped off [his] thumb" does not entitle the defendant to a charge on voluntary conduct. *George*, 681 S.W.2d at 47. Nor does testimony that the defendant did not intend for the gun to discharge, that the gun "just went off," or that it was an "accident" does not sufficiently raise the issue of absence of voluntary conduct. *Joiner*, 727 S.W.2d at 537.

As the State points out, appellant's confession stated he voluntarily went and got the gun and loaded it in front of the deceased. He subsequently held the gun out in front of him as he attempted to cock the hammer. This evidence does not entitle appellant to a charge on voluntary conduct, even though, as appellant orally argued to this court, the *George* and *Joiner* cases are distinguishable from the present case.

Appellant's fourth point of error is overruled.

In his final point of error, appellant complains the trial court erred in not directing a verdict of not guilty when the State failed to disprove appellant's exculpatory statement.

Appellant relies on *Palafox v. State*, 608 S.W.2d 177 (Tex.Crim.App.1979) to support his claim in this point of error. The State, however, correctly states the "voucher rule," requiring the State to disprove beyond a reasonable doubt, exculpatory evidence contained within a statement offered by the State, has been abandoned in Texas. *Ibanez v. State*, 749 S.W.2d 804, 807 n. 3 (Tex.Crim.App.1986); *Samples v. State*, 762 S.W.2d 751, 753 (Tex.App.—Fort Worth, 1988, no pet.).

Since the State was not required to disprove any exculpatory evidence contained in appellant's statement, the trial court did not err by not granting a directed verdict of not guilty. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.