**Ronnie Lee HAYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56330.**

Court of Criminal Appeals of Texas.

Panel No. 1.

Jan. 18, 1978.

---

Tom A. Boardman and Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Fred C. McDaniel and Gerry Holden, Asst. Dist. Attys., Dallas, for the State.

Before THOMAS G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order revoking probation.

On May 4, 1976, appellant waived trial by jury and entered a plea of guilty to the offense of burglary of a habitation. Appellant was given a five year probated sentence. One of the terms of probation was that appellant commit no offense against the laws of this State.

On May 13, 1977, the State filed a motion to revoke appellant's probation in which it was alleged that:

> "On or about April 8, 1977, in Dallas County, Texas, RONNIE LEE HAYES unlawfully did then and there knowingly and intentionally possess a short-barrel firearm, to-wit: a shotgun, with a barrel length of less than 18 inches."

On May 26, 1977, the trial court, after hearing evidence, revoked appellant's probation and imposed sentence.

Appellant contends that the evidence is insufficient to support the revocation order, in that the State failed to prove that the weapon in question was manufactured after 1899. This contention is based on the definition of "firearm" found in V.T.C.A. Penal Code, Sec. 46.01(3), which exempts from the definition "antique or curio firearms that were manufactured prior to 1899 . . ."

Appellant's contention is without merit. First, the motion to revoke alleged that the appellant possessed a short-barrel firearm, a violation of V.T.C.A. Penal Code, Sec. 46.06(a)(3). The definition of "short-barrel firearm," V.T.C.A. Penal Code, Sec. 46.01(10), does not mention date of manufacture.

Second, even if it is assumed that the exemption of antique or curio firearms contained in the definition of "firearm," V.T.C.A. Penal Code, Sec. 46.01(3), modifies the definition of "short-barrel firearm," V.T.C.A. Penal Code, Sec. 46.01(10), appellant is incorrect in stating that this facet of the definition must be proved by the State. V.T.C.A. Penal Code, Sec. 46.06(d) states:

> "It is an affirmative defense to prosecution under this section that the actor's conduct was incidental to dealing with a . . . short-barrel firearm solely as an antique or curio."

The existence of an affirmative defense must be raised by the defendant.

V.T.C.A. Penal Code, Sec. 2.04(c). It need not be negated by the prosecuting attorney. V.T.C.A. Penal Code, Sec. 2.04(b). There is nothing in the record to indicate that appellant raised this affirmative defense at the hearing.

The judgment is affirmed.