**Ricardo Cortez LOPEZ**

v.

**The STATE of Texas, Appellee.**

**No. 509–83.**

Court of Criminal Appeals of Texas,
En Banc.

April 16, 1986.

Don Ervin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Karen Zellars, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, First Asst., State's Atty., Austin, for the State.

1. See Rule 4, Tex.Cr.App.R.

## OPINION ON STATE'S SECOND MOTION FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

On original submission, this Court reversed the judgment of the Houston Court of Appeals (1st District), *Lopez v. State*, 652 S.W.2d 512 (Tex.App.—Houston [1st Dist.] 1983), after finding fundamental error in that the record contained no valid jury waiver as required by Article 1.13, V.A.C.C.P. Relying on the reasoning of *Breazeale v. State*, 683 S.W.2d 446 (Tex.Cr. App.1984), this Court denied the State's initial motion for rehearing. However, when we granted the motion for rehearing in *Breazeale v. State*, supra, we also granted the State leave to file a second motion for rehearing in the instant case.[1] On January 23, 1985, we handed down our opinion on rehearing in *Breazeale v. State*, supra, sustaining the State's motion for rehearing. Relying on the reasoning in that opinion, we now withdraw our prior opinions in the instant case.

The judgment in the instant case is identical to the judgment in *Breazeale* as far as the recitation concerning the waiver of a jury:

"And the Defendant, in person and in writing, in open court, having waived his right of trial by jury, had the indictment read to him, and in open court pleaded not guilty."

Just as in *Breazeale*, no issue was raised in the trial court as to whether there had been a written waiver of the defendant's right to a jury trial. Moreover, in the instant case the issue was not raised on original appeal, but was first raised in appellant's petition for discretionary review.

Following our holding in *Breazeale*, we will indulge in the presumption of regularity.

"This means that the recitations in the records of the trial court, such as a for-

mal judgment, are binding in the absence of direct proof of their falsity. In this instance, neither appellant has ever attacked or challenged the truthfulness of the recitation that is found in each of their formal judgments. They rely in support of their contention, that they did not formally waive a trial by jury, on the absence of any such document in their respective appellate record. This, of course, is insufficient to overcome the presumption that the recital in a formal judgment, that the defendant formally waived his right to trial by jury is true, and that such presumption attains until and unless the contrary is made to appear." *Breazeale v. State,* Opinion on State's Motion for Rehearing, supra, at 450.

In the instant case, appellant has failed to overcome the presumption that the formal judgment is true and regular. Appellant's ground of error is overruled.

■ We also granted appellant's petition for discretionary review to consider appellant's allegation that the stipulation of evidence entered in this cause is insufficient. Prior to trial, the trial court overruled appellant's motion to suppress. During the trial before the court, the parties agreed that the only evidence to be considered by the court as to appellant's guilt would be the testimony previously adduced at the hearing on appellant's motion to suppress and a written stipulation of evidence signed by appellant, his counsel and the assistant district attorney. The evidence from the hearing on the motion to suppress consisted of an undercover narcotics agent testifying as to the circumstances of appellant's arrest. The officer did not testify as to the nature of the substance he seized from appellant. The stipulation of evidence merely set out that if the D.P.S. chemist were to testify, he would testify that the substance he received from the arresting officer was heroin, a controlled substance.

Appellant now argues that the stipulation failed to comply with Article 1.15, V.A.C.C.P., in that it was never approved by the court in writing. He further argues that

although he did not raise this issue on original appeal to the court of appeals, the error is fundamental and the conviction must be reversed. In *Young v. State,* 648 S.W.2d 6 (Tex.Cr.App.1983), we held that Article 1.15, supra is mandatory, and thus a conviction must be reversed if the trial judge did not consent to and approve the stipulation of evidence by his signature. See also *Ellard v. State,* 650 S.W.2d 840 (Tex.Cr.App.1983) and *Clark v. State,* 657 S.W.2d 121 (Tex.Cr.App.1983).

The issue before us then is whether such error is deemed fundamental and may be raised for the first time on petition for discretionary review. In *Rodriquez v. State,* 534 S.W.2d 335 (Tex.Cr.App.1976), Judge Odom, characterized such error as fundamental and wrote:

"A careful reading of the statute [Article 1.15, supra] reveals that although the stipulated evidence may be either oral or written, the *agreement* to stipulate and the concomitant waiver must be executed in writing. The statute is mandatory. *Elder v. State,* Tex.Cr.App., 462 S.W.2d 6. Violation of its mandatory provisions constitutes reversible error, even if the matter was not raised in the trial court or upon appeal. *Hughes v. State,* supra, [533 S.W.2d 824 (Tex.Cr.App.1976)]." *Rodriquez v. State,* 534 S.W.2d at 336.

Article 1.15, supra, error was again deemed to be fundamental in *Valdez v. State,* 555 S.W.2d 463 (Tex.Cr.App.1977), when the Court found that the stipulation "did not expressly waive appellant's right to the appearance, confrontation, and cross-examination of the witnesses and it was not approved by the court in writing." 555 S.W.2d at 464.

In *Carter v. State,* 656 S.W.2d 468 (Tex.Cr.App.1983), the State argued that the Court of Appeals has no jurisdiction to entertain unassigned error regardless of the fundamental nature of the error in question. This Court rejected that contention and addressed not only the jurisdiction of the Court of Appeals to review unassigned fundamental error, but addressed the jurisdiction of *all* appellate courts of

this State to review unassigned fundamental error:

"After jurisdiction attaches to a particular cause, a broad scope of review and revision has been asserted by appellate courts of this State[4]—one that is still recognized, acknowledged and confirmed by the Legislature. Thus, Article 44.-24(b) alludes to appellate judgments and orders 'as the law and nature of the case may require,' and Article 4.25 to reversals 'as well upon the law as upon the facts.' For a comparison with former articles see *Doyle v. State,* supra note 4 (Clinton Concurring) notes 5 and 6 and accompanying text. So, even though *enabling* legislation is not needed, we have it.

---

[4] E.g., *Moreno v. State,* 114 Tex.Cr.R. 559, 26 S.W.2d 652 (1930): 'This court can only sit in review upon matters of error either fundamental *or* which are properly raised upon the trial, and properly brought before us.' *Id.,* at 653. See also *Doyle v. State,* 631 S.W.2d 732, 739–744 (Tex.Cr.App.1982) (Clinton Concurring); *Wilson v. State,* 625 S.W.2d 331, 333–336 (Tex.Cr.App.1981) (Clinton Concurring); *Sattiewhite v. State,* 600 S.W.2d 277, 283–284 (Tex.Cr.App.1980) (Opinion on Rehearing)." *Carter v. State,* 656 S.W.2d at 469–470.

Applying our holding in *Carter* to the instant case, we find that although not raised prior to appellant's petition for discretionary review, because we have deemed such Article 1.15, supra, error to be fundamental, this Court has authority to review it now. Based on our review we find that the stipulation of evidence in the instant case does not contain the signature of the trial judge. As noted above, this is fundamental error and reversal must result.

Because reversal is mandated, we do not address the three remaining grounds of error upon which we also granted appellant's petition for discretionary review.

The judgments of the Court of Appeals and trial court are reversed and the cause remanded to the trial court.

TEAGUE, J., concurs in the judgment of the Court but would order the entry of an acquittal. See *Howeth v. State,* 645 S.W.2d 787, (Tex.Cr.App.1983).