Enrique Tinajero CANTU, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–89–00606–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 3, 1990.

Discretionary Review Refused
Feb. 20, 1991.

James E. Shugart, San Antonio, for appellant.

Fred G. Rodriguez, Martina Barrera, Michael Ramos, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a conviction for possession of a prohibited weapon, a shotgun with a barrel length of less than 18 inches. TEX.PENAL CODE ANN. § 46.06(a)(3) (Vernon 1989). After a bench trial, the court assessed appellant's punishment at three years' imprisonment, probated for ten years.

The indictment alleged in pertinent part that appellant:

did then and there knowingly and intentionally POSSESS a prohibited weapon, namely: A SHORT–BARREL FIREARM, TO WIT: A SHOTGUN WITH A BARREL LENGTH OF LESS THAN EIGHTEEN (18) INCHES.

The description in the indictment is based on TEX.PENAL CODE ANN. § 46.01(10), which defines "short-barrel firearm." Appellant brings two points of error. The first is that the trial court erred by overruling his motion to suppress evidence (the shotgun) because an antique firearm should not have been considered a "firearm" under TEX.PENAL CODE ANN. § 46.01(3). That section provides:

"Firearm" means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. Firearm does not include antique or curio firearms that were manufactured prior to 1899 and that may have, as an integral part, a folding knife blade or other characteristics of weapons made illegal by this chapter.

Appellant argued at the suppression hearing that his shotgun was manufactured before 1899, therefore, it was not a firearm. The trial court overruled the motion because appellant failed to show the illegal short barrel did not result from subsequent alteration, that is, that the illegal short barrel was an *integral* part of the gun. We agree. It is settled that the State was not required to prove that the weapon was not an antique or curio. *Jackson v. State*, 575 S.W.2d 567, 569 (Tex.Crim.App.1979). The indictment in this case alleged only possession of a short-barrel firearm. The definition of "short-barrel firearm" does not mention the date of manufacture. *Hayes v. State*, 560 S.W.2d 671, 672 (Tex. Crim.App.1978). By showing that appellant possessed a short-barrel shotgun as charged in the indictment, the State proved a prima facie case. The burden was on appellant to prove the gun was an antique, as defined, and thus not a "firearm." Since, at the suppression hearing, appellant did not show that the shotgun was an antique, which by definition is not a prohibited weapon, the trial court did not err in overruling the motion. The first point is overruled.

▮▮▮▮ At the trial on the merits appellant renewed his efforts to prove the shotgun was an antique. His second point of error is that the trial court erred in ruling as a matter of law a firearm manufactured prior to 1899 is not an antique if it has been altered after 1899. It is appellant's position that "an antique is an antique is an antique," and that alteration after the gun had been created does not change its character as an antique. That may be true for the purpose of value, but the law forbidding the possession of prohibited weapons is not designed for that purpose. In enacting the weapons statutes, the Legislature clearly set the standard that a firearm, in order to qualify as an antique, must be shown to have been manufactured prior to 1899 and to include the illegal portion *as an integral part.* This means that the now illegal characteristic, such as a switchblade knife that folds into a hidden niche on a weapon, will be tolerated only if that was an integral component of the weapon which was manufactured prior to 1899. [The present shotgun contained Damascus steel engraving, yet the evidence showed the barrel had been crudely cut off. The stock had been sawed off and the trigger guard removed.]

In this case appellant's gun was located under the driver's seat after it discharged inside the automobile. Appellant admitted it belonged to him. Appellant and his passenger were seen driving on a public street about 2:00 a.m., while the passenger, hanging out the window, shot a handgun at a person in another automobile.

Appellant further contends there is a conflict between § 46.01(3) and § 46.06(d). He urges that the first statute is specific in its definition of firearm and controls over the second one. Section 46.06 is the offense statute. It delineates the offense of possessing, manufacturing, transporting, repairing, or selling certain prohibited weapons, including a short-barrel firearm. The statute also lists three defenses. One of them is subsection (d)(1) which prescribes an affirmative defense:

(d) It is an affirmative defense to prosecution under this section that the actor's conduct:

(1) was incidental to dealing with a switchblade knife, springblade knife,

or short-barrel firearm solely as an antique or curio ...

\* \* \* \* \* \*

We find there is no conflict between the two provisions.

The first one furnishes a defendant with the chance to show that the weapon itself is an antique and, therefore, cannot be characterized as a firearm. Thus, he cannot be validly charged with possession of a firearm since the gun is not a firearm. Appellant had this opportunity at the suppression hearing and also at the trial on the merits. A review of the testimony of appellant's and the State's gun experts at trial shows that neither could say when the alteration occurred even though the gun possibly was manufactured before 1899.

The affirmative defense statute permits a defendant to show that at the time he was arrested, his conduct was incidental to dealing with the otherwise illegal weapon as an antique or curio. The burden is on a defendant to show this by a preponderance of the evidence. *See* TEX.PENAL CODE ANN. § 2.04 (Vernon 1974).

The two statutes, one a definition, and the other an affirmative defense, serve different purposes, both being beneficial to a defendant. In most instances, the affirmative defense will apply to a limited few. Under the circumstances of the arrest in the present case, appellant would have great difficulty to show his possession of the short-barrel gun was incidental to dealing with it as an antique. But he still had the other avenue of demonstrating the gun was an antique, according to the definition, and not a firearm. We agree with the trial court that appellant did not meet his burden to show the gun was not a firearm. Further we agree that a firearm manufactured before 1899 is not an antique *under the terms of the statute,* if it has been altered after 1899. The second point is overruled.

The judgment is affirmed.