1314·14

ORIGINAL

*Oral argument requested*

PD-1314-14

In The Texas Court of Criminal Appeals

ROBERT TRACY WARTERFIELD

*APPELLANT*

VS.

THE STATE OF TEXAS

*APPELLEE*

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 18 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

FEB 18 2015

Abel Acosta, Clerk

FROM THE FIFTH COURT OF APPEALS
CAUSE NO. 05-13-00017-CR

APPEAL FROM THE 416th JUDICIAL DISTRICT COURT
OF COLLIN COUNTY, TEXAS, CAUSE No. 416-80757-2011
THE HONORABLE CHRIS OLDNER PRESIDING

## APPELLANT'S MOTION FOR REHEARING OF PETITION FOR DISCRETIONARY REVIEW

ROBERT TRACY WARTERFIELD

CLEMENTS UNIT - T.D.C.J. #1829999

9601 SPUR 591 AMARILLO, TEXAS 79107-9606

PRO-SE

**To The Honorable Judges of the Texas Court of Criminal Appeals:**

Comes now ROBERT TRACY WARTERFIELD, petitioner in the above –
entitled and numbered cause, submits this motion for rehearing pursuant to Rule 79
of the Texas Rules of Procedure, and also requests that the Court resubmit this
cause for further consideration of its opinion of February 4, 2015.

## Table of Contents

Question for Review ...................................................................................4

Index of Authorities ...................................................................................5

Identity of Parties and Counsel ...................................................................6

Statement Regarding Oral Arguments ..........................................................8

Statement of the Case and Procedural History Argument ............................ 9

Arguments in Answer to Question.............................................................. 11

1.)    a.) The parties are obligated to make their performances in compliance with the status of the laws as they existed at formation of contract on April 18, 1994, and the laws in existence at formation are a source of vested substantive rights and obligations.

b.) The "Contract Clauses" of the United States and Texas Constitutions prohibits the impairment of settled contracts by retroactively applying legislation subsequent to formation.

2.) The State's breaches of plea agreement provisions is fundamental error.

3.) The Trial Court and the Court of Appeals has misconstrued the agreement's provisions by wrongly applying or omitting contract law, constitutions, and canons of plea agreement construction.

Reason to Grant this Motion for Rehearing......................................... 19

Prayer ................................................................................................. 20

Certificate of Service........................................................................... 22

Certificate of Compliance .................................................................... 22

## Questions for Review

1. a) Are the parties obligated to make performances of the April 18, 1994, plea agreement contract in compliance with the status of the laws in existence at formation?

   b) Is retroactive application of subsequent legislation permissible to impair obligations of the contract?

2. Is it fundamental error for the State to not strictly adhere to or outright breach its obligations to a defendant under a plea agreement contract?

3. Has the Trial Court and the Court of Appeals properly employed contract law, State and Federal Constitutions, and canons of construction required in the construed of a plea agreement?

# Index of Authorities

## Cases

*Bitterman v. State,* 180 S.W. 3d 139 (Tex. Crim. App. 2005).............................. 13

*Coleman v. Railroad Commission,* 445 S.W. 2d. 790, ref n.r.e. and writ granted, 460 S.W. 2d. 404) ....................................................................................................... 15

*Comcast Cable of Plano, Inc. v. City of Plano,* 315 S.W.3d 673 (Tex. App. – Dallas 2010) ............................................................................................................... 11

*Gambill v. State,* 692 S.W.2d 186 (Tex. Crim. App. 1985)................................... 14

*Lopez v. State,* 708 S.W.2d 446 (Tex. Crim. App. 1986) ...................................... 14

*Luling Oil & Gas Co. v. Humble Oil & Refining Co.,* 191 S.W.2d 716, 144 Tex. 475 (Tex. 1945)................................................................................................... 11,13

*United States v. Munoz,* 408 F. 3d 222 (5th Cir. 2005) ........................................ 13

*United States v. Valencia,* 985 F.2d 758 (5th Cir. 1993)................................... 13,14

*Wessely Energy Corp. v. Jennings,* 736 S.W.2d 624 (Tex.1987)...................... 11,13

## Books

Vernon's Annotated Texas Constitution, Volume 1B ......................................... 12

West's Texas Digest, 2d, Volume 11 ................................................................. 11

## Identity of Parties and Counsel

For Appellant Robert Tracy Warterfield

WILLIAM SCHULTZ
*Trial counsel*
2101 Brugge Court
Plano, Texas 75025

JOSHUA ANDOR
*Trial counsel*
2490 W. White Avenue
McKinney, Texas 75071

DERK A. WADAS
SAMANTHA CHAMBERS
*Direct appeal counsel*
ROSENTHAL & WADAS, PLLC
4500 El Dorado Parkway, Suite 3100
McKinney, Texas 75070

BRUCE ANTON
BRETT ORDIWAY
*Petition for discretionary review counsel*
SORRELS, UDASHEN & ANTON
3211 Cedar Springs, Suite 250
Dallas, Texas 75201

ROBERT TRACY WARTERFIELD, *Pro-Se*
*Motion for rehearing for discretionary review*
T.D.C.J. #1829999
Clements Unit
9601 Spur 591
Amarillo, Texas 79107

For Appellee the State of Texas:

CLAIRE MIRANDA
CRYSTAL LEVONIUS
    *Trial counsel of record*
COLLIN COUNTY DISTRICT ATTORNEY'S OFFICE
2100 Bloomdale Road
McKinney, Texas 75071


EMILY JOHNSON-LIA
    *Appellate counsel*
COLLIN COUNTY DISTRICT ATTORNEY'S OFFICE
2100 Bloomdale Road
McKinney, Texas 75071

## Statement Regarding Oral Argument

The Dallas Court of Appeals, whose errors go to the heart of the criminal justice system, undermines the rule of law. That court has misapplied contract law, constitutional law and cannons of construction in so many different ways that I believe that oral arguments will be helpful for this court to recognize the implications and to correct the errors.

## Statement of the Case and Procedural History

In 1989, the nine-year-old complainant was sexually assaulted. (RR4: 233-37). Police collected evidence at the scene, including the pillowcase that had been placed over her head to prevent her from identifying her assailant. (RR: 110). It was sent to the Southwest Institute of Forensic Science (SWIFS), and stains found tested presumptively positive for seminal fluid. (RR4: 168-69, 171). No DNA testing performed, though, because, at that time, DNA testing was done only if there was a suspect to make comparison. (RR4:64).

Warterfield became a suspect by 1994, at the latest, but only on 2010 was DNA from the sperm found on the pillowcase compared to DNA obtained from a blood sample taken from him in 1992. (RR5: 62). Once the forensic biologist determined the samples matched, police obtained a search warrant for a buccal swab. (RR4: 1137-38, 184,186). The DNA obtained from the buccal swab, too, matched that found on the pillowcase.

Warterfield was indicted on two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. (CR: 16-17). At the ensuing trial, Warterfield testified that the police had framed him, but the jury rejected this defensive theory and found him guilty of all counts. (RR5: 113-19; CR: 222-23). The jury further assessed punishment at life imprisonment in the aggravated sexual

9

assault cases, twenty years' imprisonment in the indecency cases, and $10,000 fines in each case. (CR: 220,233).

On appeal to the Court of Appeals or the Fifth District at Dallas, Warterfield argued that the Trial Court made three crucial errors, among them overruling his objection to impeachment evidence admitted in violation of a prior plea bargain agreement. Warterfield v. State, 05-13-00017-CR, 2014 WL 4217837 (Tex.App.-Dallas Aug.27, 2014). The court overruled each contention, though, and affirmed Warterfield's conviction. *Id.* No motion for rehearing was filed.

Appellant's petition for discretionary review was filed on November 7, 2014, and refused on February 4, 2015.

## Arguments in Answer to Questions:

1 a)  The Parties are obligated to make their performances in compliance with the status of the laws as they existed at formation. (C.F. West Texas Digest, 2d "Contracts" Key 167 – Existing law as part of contract) "Every contract incorporates the laws that existed at the time and place of its making, regardless of whether that incorporation is express." (*Comcast Cable of Plano, Inc. v. City of Plano*, 315 S. W. 3d 673 - TX. APP. – Dallas 2010) Where the law "speaks," it is not necessary for the contract redundantly do so. "Where agreement is silent or obscure as to a particular subject, the law and usage become a portion of contract [and] constitute a supplement to and interpret it". (*Luling Oil & Gas Co. v. Humble Oil & Refining Co.*, 191 S.W. 2d 716, 144 TEX 475-TEX *1945*), the cases listed in "Exhibit A" of the contract *a fortiorari* include the laws in existence. The meaning and intent of a contract is settled on the day it was formed, and is no different at any time subsequent. "Law existing at time contract is made become part of contract and *governs transaction.* "(*Wessely Energy Corp. v. Jennings*, 736 S.W. 2d 624, emphasis added) The Court of Appeals judged correctly on this issue when stating:

> Additionally, to the extent we must read the Plea agreement as a
> contract that generally incorporated the laws that existed in
> 1994…" (Opinion at page 5, lines 6-7)

11

b) It is the completion of the Court of Appeals sentence *supra* where the error in applying the Constitutions occurs, specifically United States Constitution Art. 1 § 10, cl. 1 and Texas Constitution Art. 1 § 16 "Contract Clause":

> "…the law at the time also permitted the legislature to extend limitation for a crime that had yet to become time barred."
> (Opinion at page 5, lines 7-8)

In addition to the laws being read into contracts, so are the Constitutions as they existed at contract formation. It seems to be beyond recall that although the legislature may continue to amend the status of the laws within constitutional boundaries, legislative amendments may not be applied retroactively to impair the obligation of contracts. Additionally, contractual obligations and vested rights includes the relevant laws in existence at formation. "The obligation protected is not derived from the acts and stipulations of the parties alone, but also includes the relevant law in force at the time the contract is made. The contract clause prohibits only laws which operate retroactively on contracts. ("Interpretive Commentary" to Article 1 §16, Vernon's Annotated Texas Constitution, Volume 1B, page 319) The provisions ultimately merged, excluded, or silent but intended by the parties in a contract are thus not only the result of the laws in existence, the relevant laws themselves become provisions that govern subsequent

12

performances between the parties. "Law existing at time contract is made becomes part of contract and governs transaction." (*Wessely Energy Corp. v. Jennings*, 736 S.W. 2d 624 – Tex. 1987.) Any silence or lack of reference in the instrument to a relevant existing law or constitutional provision is merely agreement to that law by the parties. (*Luling Oil & Gas Co., supra*)

2.    In *Bitterman v. State* (180 S.W, 3d 139,141-Tex.Crim. App.2005), the second ground for review was "….whether the court of appeals erred in failing to address whether the breach of a plea agreement is a 'category one' right that cannot be waived." The ground was not addressed. However, as for precedential value, I find at the Fifth Circuit numerous cases that state that a breach of a plea agreement by the government is "plain error." e.g., (*U.S. v. Valencia*, 958 F.2d 758,761-5th Cir. 1993). It seems that "plain error" and "fundamental error" are synonymous.  As in *Bitterman*, I argue here that the right to have terms of a plea agreement with the State fulfilled by the State [with strict adherence] is a right that must be implemented. "The Government's failure to fulfill its promise effects the fairness, integrity, and public reputation of judicial proceedings, and thus, a breach of a plea agreement can constitute plain error." (*United States v. Munoz*, 408 F.3d 222, 226 – 5th Cir. 2005).

13

Despite the argument that I am making here not being included in the petition for discretionary review, that argument being that the laws in existence at formation are to govern performance and cannot be impaired as being the *intention of the parties at formation*, I believe that it is fundamental and can be raised at any time. Indeed, it was raised at trial only at my incessant urging, incorrectly judged on by the Court of Appeals, and omitted from the petition for review solely upon the decision of my attorney, Mr. Bruce Anton. The court may review fundamental error that is raised for the first time in the petition for R\review. (see *Lopez v. State*, 708 S.W. 2d 446, 449 – Tex. Crim. App. 1986).I ask that any unassigned error regarding the State's beaches of the contract be addressed in this motion for rehearing despite (*Gambill v. State*, 692 S.W. 2d 106,107 – Tex. Crim. App. 1985).

"If a defendant pleads guilty as part of a plea agreement, the Government must *strictly adhere* to the terms and conditions of its promises in the agreement". (*United States v. Valencia*, 985 F.2d 758, 761 – 5th Cir. 1993) Therefore, even if Rule 609 were to be a provision by implication as the State argues, that even breached the contract by not strictly adhering Rule 609 by ensuring that a balance test was performed. However, I argue that rules of law are not implied like laws and

constitutions. "A general rule of law does not become part of contractual obligation unless by express terms or necessary intendment is imported into the contract". (*Coleman v. Railroad Commission*, 445 S.W. 2d 790, ref. n.r.e. and writ granted, modified 460 S.W.2d 404). (As an aside here, please forgive me if any of my authorities are overruled, inapposite, or otherwise inapplicable. I am not a sophisticated practitioner, do not intend in any way to mislead the court, I am doing my honest best to present this motion in compliance with the Rules).

3. Perhaps the quickest and most efficient way to be dispositive of this case would be for the court to construe this agreement *de nova*. I contend here that neither the Trial Court nor the Court of Appeals has properly employed trial contract law, State and Federal Constitutions, nor canons of construction as required in a plea agreement context.

Is this contract in question partially merged? I would say yes, and apparently so does the State by arguing that rule 609 which is outside the four corners should be implied. While I do not agree that 609 is implied, I do see that the laws in existence at formation, the Constitutions , and good faith and fair dealing are all implied provisions of the agreement conveying the parties intentions and the defendant's reasonable understanding of the

agreement. This contract was not formed in a vacuum without laws, constitutions, and on principles. Texas takes the untenable position that the "Exhibit A" case are unbounded and unencumbered by the laws in existence at formation. Yet their conduct does not comport with this fallacious contention. The State destroyed evidence on October 1, 1999, which was the exact date of expiration of the limitations period for an "Exhibit A" case. They conducted themselves consistent with the defendant's reasonable understanding and in congruence with the limitations law in effect at formation, and this two years after the law had changed and would have indicated evidence preservation. (See document submitted to the Trial Court at pretrial hearing and obtained in discovery material). I filed a Pro Se motion for discovery that was denied. In it I requested more information about evidence destruction over the preceding two plus decades. Is there more conduct by the State consistent with my reasonable understanding of the agreement, that being that the 70th Legislature's promulgation of the statute of limitations laws that were in effect at formation were to govern this contract. Perhaps the court can find out the what, when, where, and why of evidence destruction for the cases listed in "Exhibit A". I tried but was denied.

16

The courts below have disregarded my reasonable understanding of the agreement, supplanting it with the State's "reasonable understanding". Nowhere in the Court of Appeals opinion, did they address my reasonable understanding, or the State's conduct consistent with my reasonable understanding. Besides the limitations defining boundaries and providing values for the cases listed in the contract, they were known and agreed to by the parties. A plea agreement must be entered into knowingly, voluntarily, and intelligently. A provision left for future determination can in no stretch of the imagination can be defined as being "knowingly", and though statute of limitations is generally considered procedural for a vested substantive rights issue, that exception goes towards limits for *enforcement* of a substantive right. In order words, there is no vested right in the statute of limitation for bringing a breach of contract action; however, there is a vested substantive right in the limitat ions for the "Exhibit A" case, because they are part and parcel of the contract's consideration, part of the *quid pro quo* that provided inducement to plead guilty, and, but for which a different contract or no guilty plea would have been had. It was the reasonable understanding of the defendant, and the State's conduct is consistent there with. Therefore, I have a vested substantive right to a fixed statute of limitation at the time of formation. The trial was void *ab initio* or

alternately was conducted in ways that constitute a breach of the plea agreement by the State.

## Reasons to Grant this Motion for Rehearing:

- *Res nova* necessitates *res judicata*. Though civil law is replete with the laws in existence at formation and proper application of the contract clause, I find nowhere is it applied to a plea agreement context. Is this a case of first impression?

- The Court of Appeals misapplied the contract clause and contract law.

- The Court of Appeals misconstrued the contract by not employing the proper plea agreement canons of construction; to wit, defendant's reasonable understanding, State's conduct consistent therewith, *contra proferentem*, strict adherence by the State in its obligations to the defendant, and a plea agreement must be knowingly, voluntarily, and intelligently entered into.

- If Justice Michael Keasler was the judge of the 292nd District court at the time the plea agreement was accepted, the court should pass on my motion and petition after his recusal. I do not know if he is the same persons, but the potential for conflict was in my correspondence to my attorney. I do not have enough information to write a separate motion, but if the above is so, I ask the Court to consider this a Texas Rules of Appellate Procedure motion in accordance with 16.3 (a).

## Prayer

Therefore, I respectfully request that this Honorable Court grant this motion for rehearing, grant the petition for discretionary review with the amended arguments so that it can reverse the Court of Appeals decision and order that either the case be dismissed with prejudice and I be released if found that prosecution was improvident and time barred or otherwise reverse on State's breach of plea agreement as a fundamental error and let me be retried fairly without breach of the plea agreement.

Respectfully Submitted,

Robert Tracy Warterfield – Pro Se

Carolyn Warterfield - P.O.A.

T.D.C.J. #1829999
Clements Unit
9601 Spur 591
Amarillo, Texas 79107

21

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Appellant's Petition for Discretionary Review was served to Collin County District Attorney's Office and the State Prosecution Attorney on February 16, 2014.

_Robert Tracy Warterfield by Carolyn Warterfield P.O.A._

Robert Tracy Warterfield – Pro Se

Carolyn Warterfield- P.O.A.

## Certificate of Compliance

Pursuant of TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. The type – volume limitation of TEX R. APP. P. 9.4(i)(2)(D) because this petition contains, 1711 words, excluding the parts of the brief exempted by TEX. R. APP. 9.4(i)(1)
2. The typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Times New Roman.

Pursuant to TEX R. APP P. 79.2(c), undersigned appellant- *pro se certities* that this motion is grouped on significant circumstances which are specified in the motion and that the motion is made in good faith and not for purposes of delay.

_Robert Tracy Warterfield by Carolyn Warterfield P.O.A._

Robert Tracy Warterfield – Pro Se

Carolyn Warterfield - P.O.A.

22

**State of Texas**

**County Of**

## Power of Attorney

**Know All Men By these Presents:** That I, *Robert Wartenxield* do hereby make, constitute and appoint *Floyd E. Wartenxield* or *Carolyn Wartenxield* my true and lawful attorney, for me and in my name, place and stead, giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in the premises as fully, to all intents and purposes, as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or the substitute of my attorney may lawfully do or cause to be done by virtue hereof. A photocopy hereof shall be deemed an original for all purposes whatsoever.

This power of Attorney shall not be affected by my disability. It is my wish and intent that the authority conferred by me upon my attorney through this General Power of Attorney should be exercisable notwithstanding my disability, my incapacity, subsequent disability or incapacity or uncertainty as to whether I am dead or alive. All acts done by my attorney-in-fact or agent during any period of disability or incompetence or uncertainty as to whether I am dead or alive shall have the same effect and shall bind my heirs, legatees, devisees and personal representatives as if I were alive, competent and not disabled.

**In Witness Whereof,** I hereunto set my hand this *15th* day of - *October, 2010* .

_____
Signature

**Witnesses:**

NOTARY PUBLIC ★ STATE OF TEXAS
DEANA RHEA DALTON
Notary Public, State of Texas
My Commission Expires 01-08-2014

_____
Signature

_____
Signature

**State of Texas**

**County of**

I, *Robert Wartenxield* presently reside at *920 Mesquite Stephenville, Texas* , declare under penalty of perjury that the foregoing is true and correct.

Executed on this *15th* day of *2010* .

Signature _____