

# Fourth Court of Appeals
## San Antonio, Texas

July 25, 2018

No. 04-18-00517-CR

Willie Allen **BOUDRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR4039W
Honorable Lorina I. Rummel, Judge Presiding

## O R D E R

The trial court imposed sentence in the underlying cause on May 10, 2018. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed June 11, 2018. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on June 26, 2018. TEX. R. APP. P. 26.3. Appellant filed a notice of appeal on July 20, 2018,[1] but appellant did not file a motion for extension of time in this court.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.* Having reviewed the record, it appears that the notice of appeal was untimely filed. It is therefore ORDERED that appellant show cause in writing within two weeks from the date of this order why this appeal should not be dismissed for lack of jurisdiction.[2] *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d

---

[1] We construe appellant's motion for leave to file late notice of appeal filed in the trial court as a notice of appeal. *See Harkcom v. State*, 484 S.W.3d 432 (Tex. Crim. App. 2016).

[2] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).

241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

_____Sandee Bryan Marion_____
Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of July, 2018.



_____
KEITH E. HOTTLE,
Clerk of Court