

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00004-CR

_____

EX PARTE ERIC RANDALL HINKLE

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 0708720R

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

A jury convicted Eric Randall Hinkle of aggravated sexual assault of a child, and we affirmed the conviction. *See Hinkle v. State* (*Hinkle II*), No. 02-11-00214-CR, 2012 WL 4663064, at *1 (Tex. App.—Fort Worth Oct. 4, 2012, pet. ref'd) (per curiam) (mem. op., not designated for publication) (citing *Hinkle v. State* (*Hinkle I*), No. 02-98-00542-CR (Tex. App.—Fort Worth Feb. 3, 2000, pet. ref'd) (not designated for publication)). Hinkle then filed a postconviction motion for forensic DNA testing under Chapter 64 of the code of criminal procedure, claiming that DNA testing of physical evidence obtained from the victim would exonerate him. *See* Tex. Code Crim. Proc. Ann. art. 64.01. The trial court adopted the State's proposed findings of fact and conclusions of law, finding that no evidence existed to permit DNA testing, and rendered an order denying the motion. *See Hinkle II*, 2012 WL 4663064, at *1. Hinkle appealed, asserting that the trial court's order denying his motion for DNA testing was void because his underlying conviction and judgment did not comply with Article 42.01, Section 1(27) of the code of criminal procedure, requiring him to register as a sex offender. *Id.* We dismissed that appeal for lack of jurisdiction because his argument was a collateral attack on the validity of his underlying conviction. *Id.* Appellant now attempts to appeal from the trial court's denial of a "motion for evidentiary hearing." *See* Tex. R. App. P. 25.2(e).

We do not have jurisdiction over matters related to postconviction relief from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d

241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *see also* Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding). We thus notified Hinkle of our concern that we lack jurisdiction over this appeal. We warned him that we could dismiss this appeal for want of jurisdiction unless he or any party wanting to continue the appeal filed a response by February 8, 2021, showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. Appellant filed a response, but it does not show grounds for continuing the appeal.

The exclusive postconviction remedy from a final felony conviction is through a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996). As we stated in our letter to Hinkle, the Court of Criminal Appeals, Austin, Texas, has jurisdiction over Article 11.07 postconviction writs of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *see also Ater*, 802 S.W.2d at 243 (stating that the Texas Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings").

Because we are without jurisdiction to consider Hinkle's appeal, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

3

Delivered:  April 8, 2021